HAWTHORNE, Justice.
 

 Plaintiff, T. S. Neal, instituted this suit seeking a judgment against the defendant, Leonard J. Daniels, in the sum of $13,-500.00, received by the defendant as a commission from the sale of the majority stock of the Giddens-Lane Company, Inc. As a ■cause of action plaintiff alleges that the defendant began negotiations which led to the sale of the stock while in his employ or acting as his agent, and while in such employment obtained confidential information which defendant used to his own advantage in making the sale of the stock for which the commission was paid.
 

 The plaintiff is not entitled to recover unless the defendant was in the actual employ of the plaintiff or was acting as his agent, as alleged. Under Article 3005 of our Civil Code, the agent is bound to restore to his principal whatever he has received by virtue of his procuration even should he have received it unduly. Under the jurisprudence of this court, as announced in Texana Oil & Refining Co. v. Belchic, 150 La. 88, 90 So. 522, 527, “The employee is duty bound not to act in antagonism or opposition to the interest of the employer. Every one, whether designated agent, trustee, servant, or what not, who is under contract or other legal obligation to represent or act for another in any particular business or line of business or' for any valuable purpose, must be loyal and faithful to the interest of such other in re
 
 *689
 
 spect to such business or purpose. He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law. The agent is not entitled to avail himself of any advantage that his position may give him to profit beyond the agreed compensation for his service. He may not speculate for his gain in the subject-matter of his employment. He may not use any information that he may have acquired by reason of his employment either for the purpose of acquiring property or doing any other act which is in opposition to his principal’s interest. He will be required to account to his employer for any gift, gratuity, or benefit received by him in violation of his duty, or any interest acquired adverse to his principal without a full disclosure, though it does not appear that the principal has suffered any actual loss by fraud or otherwise.”
 

 The question, therefore, is one of fact only, that is: Was the defendant, Leonard J. Daniels, an employee or agent of the plaintiff, T. S. Neal, at the time the negotiations began which led to the sale of the stock ?
 

 After trial on the merits the trial court answered this question in the negative and rendered judgment dismissing plaintiff’s suit. Plaintiff has appealed.
 

 The plaintiff operates and conducts a large real estate brokerage office in the City of Shreveport. During the year 1946, the plaintiff, the defendant, and another organized and formed a corporation, distinct and separate from plaintiff’s brokerage business, known as the .North Highlands Corporation, for the purpose of purchasing and developing a tract of land as. a residential subdivision near the City of Shreveport. The office of the corporation was maintained in the same premises as. plaintiff’s personal business. Plaintiff was. the president of this corporation, and defendant was its secretary and treasurer. As secretary and treasurer, defendant was. to sell the bonds and stock of the corporation and was to receive a salary of $1000.00 per month. The business affairs of the corporation were not successful, and on February 13, 1947, according to a resolution of the board of directors of the corporation, the resignation of the defendant Daniels as an officer and director of the corporation was accepted and made effective as of February 28, 1947. On or about the date of this resignation, the plaintiff Neal became the owner of all the stock of the corporation, acquiring it from the other two incorporators. The corporation paid the defendant’s salary of $1000.00 per month for the months of November and December, 1946, and a reduced salary of $500.00 per month for the months of January and February, 1947.
 

 During the latter part of February, 1947, defendant and T. K. Giddens entered into negotiations for defendant to sell the majority stock of the Giddens-Lane Company, Inc., owned by the Giddens Estate, and pursuant to these negotiations the owners
 
 *691
 
 of this stock granted to defendant under date of February 27 an option to sell this stock. This option was delivered to defendant on or about March 3, 1947, and shortly thereafter he sold the stock. Plaintiff is seeking judgment in the amount of the commission defendant received from this sale.
 

 Plaintiff contends that, at the time defendant tendered his resignation as an employee of the corporation, that is, on or about February 13, 1947, defendant requested plaintiff to continue him on the payroll of the corporation until the expiration of the month of Febrüary, and that in consideration of being retained on the payroll defendant agreed not only to assist in the business of the corporation but also to assist the plaintiff in his general business as a real estate broker; that for this period of time defendant worked from the office of plaintiff with the other real estate agents and employees and held himself out in his business contacts as representing the plaintiff.
 

 Defendant, on the other hand, flatly denies that any such agreement existed, and contends that he remained in the employ of the North Highlands Corporation to complete certain work already begun for the-corporation. Defendant was not paid any compensation or commission by plaintiff individually, but was paid for the month ■of February by the corporation itself.
 

 The trial judge concluded that plaintiff had failed to sustain the burden of proving this question of fact, and after reading the entire record we agree with this conclusion. We think the record establishes that for the month of February, 1947, defendant was employed by the corporation alone, and not by the plaintiff in connection with his real estate brokerage business.
 

 That the plaintiff himself considered defendant as an employee of the corporation is evidenced by a letter which he wrote to the defendant a short time before the institution of this suit, in which he stated that he was of the opinion that defendant owed him a portion of the commission realized from the stock sale. The letter continued: “My reason for believing this, Leonard [defendant], is that these negotiations originated
 
 while you were employed by the North Highlands
 
 Corporation, which, as you know, was owned entirely by me and financed by me from its inception.” (Italics ours.)
 

 In this court plaintiff-appellant contends that, since he owned all of the stock of the North Highlands Corporation, he and the corporation were in fact, for financial purposes and for defendant’s responsibility, one and the same person, and that for this reason, notwithstanding the fact that defendant was in the employ of the corporation, defendant was plaintiff’s individual agent, and plaintiff individually is entitled to recover from the defendant.
 

 We are not impressed by this argument. The corporation and the plaintiff are under the law separate and distinct legal en
 
 *693
 
 tities. Plaintiff as an individual was not liable or responsible to defendant for any compensation for services rendered by the defendant to the corporation, and as such individual he never at any time paid to the defendant any compensation. Plaintiff does not explain on what legal principle the defendant would become his individual agent by the mere fact that the plaintiff owned all the stock of the corporation, and cites no authority in support of this proposition.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.