GLADNEY, Judge.
This suit is for the recovery of $150 allegedly wrongfully retained by the defendant, plaintiff’s agent, from the proceeds of the sale of an automobile house trailer. Judgment was rendered in favor of plaintiff and the defendant has perfected this appeal.
Plaintiff, Forshay, alleges he was the owner of a 1947 Model “Spartan Manor” house trailer which defendant, Lewis, agreed to sell and accept as a commission for said sale all monies received in excess of $1,200. This agreement is admitted in appellant’s answer. Plaintiff alleged further, and supported the allegations with testimony, that on July 30, 1954, defendant telephoned and represented he had a prospective buyer for $1,100, and if plaintiff would authorize this price he would accept $50.00 as his commission. Mrs. Forshay having secured the consent of her husband to the sale, on the following day went to defendant’s place of business where she received his check for $1,050. She also signed in blank a form of an act of sale. Plaintiff was ill at the time of these transactions. Some time later plaintiff learned his trailer had been sold to the Lee Hardware Company, Ltd. for $1,400 and this information prompted this suit. Contained in the record are two canceled checks, one signed by Lee Hardware Company, Inc., payable to Lewis for $1,430.00, $30.00 of which was explained as representing the cost of a dolly which Lewis sold and added to the price of the house trailer. The other check drawn by the defendant was payable to plaintiff for $1,050. Both checks bear date of July 30, 1954.
The defense is that some time prior to the sale to the Lee Hardware Company, Ltd. a potential customer inspected the trailer upon defendant’s lot and indicated that he would purchase it for $1,100.00, and thereupon defendant ’phoned plaintiff. During the ensuing conversation plaintiff agreed to the proposal and to accept $1,050 net for the trailer. Lewis explained the customer referred to never came back and he admits plaintiff was never advised of the $1,400 sale. Forshay discovered this fact when contacted in order that the purchaser could secure proper evidence of title.
The testimony of Lewis is in direct conflict with that given on behalf of plaintiff and generally is unsatisfactory. No other evidence appears in the record to confirm the testimony of Lewis that the original agreement was modified as he contends.
Agency in our LSA-Civil Code is treated in Title XV — Of Mandate, art. 2985 et seq. The provisions therein are authority for many rulings of the appellate courts of this state to the effect that the utmost good faith is exacted in all dealings of an agent touching the interest of his principal. See: Neal v. Daniels, 1950, 217 La. 679, 47 So.2d 44; Robinson v. Thomson, 1947, 212 La. 186, 31 So.2d 734; Assunto v. Coleman, 1925, 158 La. 537, 104 So. 318.
3 C.J.S., Agency, § 182, p. 78, contains this statement:
“If an agent by the use of fraudulent means or representations obtains a modification of the contract of agency, thereby making the relationship more profitable to him, he is not entitled to recover the additional compensation under the modification, but he may recover his agreed compensation under the original contract.”
The judge a quo assigned written reasons for his decision. The opinion shows he thoroughly and carefully considered the factual issues here presented. We are of the opinion, as was he, that the defendant made representations to plaintiff not in keeping with his trust. It was his duty to fully disclose to his principal the consideration paid by the Lee Hardware *116 Company, Ltd. and retain for his services only the excess over $1,200.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.